## HUGHES v. NEW YORK EL. R. CO. et al.

(Supreme Court, General Term, First Department. January 13, 1893.)

ELEVATED RAILROADS—DAMAGE TO PROPERTY—NUMBER OF TRAINS.
> The fact that but few trains are run over an elevated railroad cannot be urged to show that the damage to property on account of the construction of the road is small, since, after compensation has been once made, an owner has no further right to complain, if the number is increased.

Appeal from judgment on report of referee.

Action by Henry Hughes against the New York Elevated Railroad

Company and the Manhattan Railway Company. From a judgment for plaintiff entered on decision of a referee, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BAR-RETT, JJ.

Davies & Rapallo, (Julien T. Davies and R. L. Maynard, of counsel,) for appellants.

Peckham & Tyler, (Charles A. B. Pratt, Jr., of counsel,) for respondent.

PER CURIAM. This action was brought by the plaintiff to restrain the defendants from maintaining or operating their railroad in front of plaintiff's premises, and, as an incident, to recover such damages as the plaintiff had sustained to the rental value of the premises. The judgment awarded the injunction, unless the defendants, within the time specified, should pay to plaintiff a certain sum for the fee value and the damages to the rental value resulting from the construction and maintenance of the road. The only question presented upon this appeal is as to the amount of the awards made by the referee. It is contended by the appellants that these amounts were excessive, and unsupported by any evidence. We have examined the record, and cannot agree with this deduction from the testimony given. We think the referee was justified in concluding that by reason of the presence of the elevated railroad in the street the premises of the plaintiff were injured; and, although there was a conflict as to the extent of such injury, there being sufficient to justify the amount as reached by the referee, we should not disturb his decision. To show that the injury was but slight, great reliance was placed by appellants upon the fact that but few trains were run over the road during the day, and that from a certain hour in the night until early in the morning no trains at all were operated. This, however, is not controlling, nor is it entitled to the weight which appellants would assign to it. In these cases the question is not how many trains the defendants actually run in front of a person's property, but rather, how many have they the right to run? In their own interest, or to suit their own purposes, they may at one time run few trains, and again run trains more frequently. And in a suit of this character, in which, if they pay for the damages occasioned by the construction of the road, and obtain a conveyance of the rights appurtenant to the property which have been destroyed, the owner would have no right thereafter to again complain if more trains were run than were operated at the time of the award, nor could he, by reason thereof, obtain further damages. We are of opinion that the judgment appealed from should be affirmed, with costs and disbursements.